■ In the Matter of AUMONT EDWARDS, Appellant, v JOHN KEANE et al., Respondents. [653 NYS2d 629] —In a proceeding

pursuant to CPLR article 78 to review a determination of the respondent Phillip Coombe, Jr., dated February 1, 1995, finding the petitioner guilty of assault on an inmate and imposing a penalty, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Cowhey, J.), dated July 24, 1995, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

Contrary to the petitioner's contention, the respondents did not violate their own rules by failing to commence a disciplinary hearing within seven days after his confinement to a Special Housing Unit. A superintendent's hearing must be commenced no more than seven days after an inmate's confinement, and completed "within 14 days following the writing of the misbehavior report", unless otherwise authorized by the commissioner or his designee (*see,* 7 NYCRR 251-5.1 [b]). Here, the respondents complied with the rule by commencing a hearing on the seventh day of the petitioner's confinement. Although the matter was subsequently reassigned to a second Hearing Officer who recommenced the hearing, the commissioner's designee authorized this procedure because the first Hearing Officer was not available to complete the hearing in a timely fashion. As directed by the commissioner's designee, the second Hearing Officer completed the hearing within 14 days following the writing of the misbehavior report. Under these circumstances, there is no merit to the petitioner's claim that he was denied a timely hearing (*cf., Matter of Anderson v Coughlin,* 195 AD2d 1075).

The petitioner's remaining contentions are without merit. Mangano, P. J., Rosenblatt, Copertino and Krausman, JJ., concur.